## CIBA CO., Inc., v. INTERSTATE TANNING CO.

(District Court, D. New Jersey. November 19, 1925.)

**1. Corporations ⊜⟹542(1)—Conveyance by insolvent corporation, which had suspended business, held void, not voidable.**

Conveyance of all its assets by an insolvent corporation, which had suspended its business from want of funds to carry on same, in violation of Corporation Act N. J. § 64, held void, not voidable, notwithstanding exception in statute as to bona fide creditors for valuable consideration, and purchaser took nothing by such conveyance which it could pass by mortgage to another.

**2. Subrogation ⊜⟹23(4)—Purchasers of bonds secured by mortgage of property transferred by insolvent corporation in violation of law held subrogated only to rights of creditors to extent money had been used to pay claims.**

Where an insolvent corporation had suspended its ordinary business, and transferred all its property without consideration to another corporation, in violation of Corporation Act N. J. § 64, the purchaser took nothing which it could pass by mortgage, and those who purchased bonds secured by mortgage are entitled only to be subrogated to the rights of the creditors of the insolvent corporation, to the extent their money was used in payment of creditors of such corporation.

**3. Corporations ⊜⟹542(1)—Receivers and counsel of corporation, which illegally purchased property of insolvent corporation, cannot enforce compensation from property.**

Where one corporation, while insolvent and after it had suspended business in violation of Corporation Act N. J. § 64, transferred its property to defendant corporation, the receivers and counsel of the latter corporation, on its insolvency, can secure no right as against the property of its seller, but for compensation must look to the complainant in the suit in which they were appointed.

In Equity. Receivership proceeding by the Ciba Company, Inc., against the Interstate Tanning Company. On application of the receiver to modify the form of decree

presented by petitioners in conformity to the findings. Application denied.

William H. Carey, of Jersey City, N. J., for petitioners.

Burnett, Sorg, Murray & Duncan, of Newark, N. J., for receiver of Interstate Tanning Co.

Samuel I. Kessler, of Newark, N. J., amicus curiæ.

BODINE, District Judge. Messrs. Busk & Daniels, on February 10, 1922, recovered a judgment in the Supreme Court of this state against Mason-Curran Company for $75,050.56. On November 2, 1922, the Mason-Curran Company was adjudged insolvent by the Court of Chancery of this state, and Reynier J. Wortendyke, Jr., Esq., was appointed receiver. Messrs. Busk & Daniels and the receiver of the Mason-Curran Company are petitioners herein.

The respondents are Mason-Curran Company, Interstate Tanning Company, a corporation organized by the officers of the Mason-Curran Company in March and April of 1921, and to which on March 25, 1921, the Mason-Curran Company purported to make a conveyance of all of its real and personal property; and the Merchants' & Manufacturers' National Bank of Newark, N. J., the trustee under a mortgage securing negotiable bonds given by the Interstate Tanning Company covering all the assets taken from Mason-Curran Company.

The entire matter was referred to one of the special masters of this court, whose report was affirmed.

The facts appearing from the report are that on March 25, 1921, nearly a year before Messrs. Busk & Daniels recovered their judgment, the Mason-Curran Company by deed and bill of sale purported to convey to the Interstate Tanning Company all its assets, then of the value of $117,557. The only consideration for the transfer was the assumption of the liabilities of Mason-Curran Company, which amounted to $192,777.30. The Mason-Curran Company was insolvent, and had actually suspended its ordinary business, and made the purported conveyance to hinder, delay, and defraud its creditors. At the time of the pretended transfer, the officers of the Mason-Curran Company were James L. Mason, president; James B. Reilly, vice president, secretary, and treasurer. The directors were the two officers above named and George B. Mason. The officers of the Interstate Tanning Company were James B. Reilly, president and treasurer; James L. Mason, secretary and

sales manager; and A. Leon Rudolph, vice president and production manager. These three persons constituted the board of directors.

The form of decree presented by the petitioners conforms to the findings. The receiver of the Interstate Tanning Company seeks, however, to have inserted therein two provisions: First, that the conveyance of the property from the Interstate Tanning Company shall be subject to the lien of the mortgage made to the Merchants' & Manufacturers' National Bank, as trustee, to the extent that any of the bonds may be in the hands of holders in due course for a valuable consideration; second, that the conveyance shall be subject to the payment of the fees of the receiver of the Interstate Tanning Company and his counsel.

Section 64 of the Corporation Act of this state (2 Comp. St. 1910, p. 1638) is as follows:

"Whenever any corporation shall become insolvent or shall suspend its ordinary business for want of funds to carry on the same, neither the directors nor any officer or agent of the corporation shall sell, convey, assign or transfer any of its estate, effects, choses in action, goods, chattels, rights or credits, lands or tenements; nor shall they or either of them make any such sale, conveyance, assignment or transfer in contemplation of insolvency, and every such sale, conveyance, assignment or transfer shall be utterly null and void as against creditors; provided, that a bona fide purchase for a valuable consideration, before the corporation shall have actually suspended its ordinary business, by any person without notice of such insolvency or of the sale being made in contemplation of insolvency, shall not be invalidated or impeached."

This statute was first enacted in 1829 (P. L. 1829, p. 58), and, but for a brief period, has been upon the statute books ever since.

[1] It is urged in behalf of the trustee under the mortgage, the receiver of the Interstate Tanning Company, and his counsel that the conveyance made by the Mason-Curran Company, when it was insolvent and had suspended its ordinary business for want of funds to carry on the same, is voidable, and not void. Such contention, however, overlooks the language of the statute and the decisions of the courts of this state, which are collected in note 33, 14a Corpus Juris, 856.

Not only had the Mason-Curran Company become insolvent before the transfer,

but it had suspended its business, and all the facts, and all the circumstances of its inability to meet its obligations as they accrued and to carry on its business, were known by James L. Mason and James B. Reilly, the officers of the Mason-Curran Company, who were the officers of the recently formed Interstate Tanning Company. The purported conveyance by reason of the statute was ineffective to convey title to the Interstate Tanning Company. That company could, therefore, pass nothing by mortgage to the Merchants' & Manufacturers' National Bank as trustee.

The precise point was passed upon by Chancellor Zabriskie in Wells v. Rahway White Rubber Co., 19 N. J. Eq. 402, where he said, at page 406:

"If the company were insolvent, or had suspended their ordinary business for want of funds, this mortgage is void as against creditors, by the provisions of the act, and this without reference to the question whether the bondholders knew of the insolvency. I concur in the views and reasoning of Chancellor Williamson, in Holcomb v. New Hope Deleware Bridge Co., 1 Stockt. 458, that the object of this statute was to prevent a company, that was either insolvent, or in contemplation of insolvency, from preferring some creditors to others, by a transaction like this mortgage; and that the proviso in the second section 'was intended to protect a stranger, who, in good faith and in total ignorance of the situation of the company, makes a purchase of its property, and pays down the consideration money. But all precedent creditors of the company must stand on the same footing.' And even did I not concur in these views, I would be bound by the authority of his decision in that case."

[2] Of course, those who purchased the bonds secured by the mortgage of the Merchants' & Manufacturers' National Bank, to the extent that their money was used in payment of creditors of the Mason-Curran Company, may be subrogated to the rights the creditors of the Mason-Curran Company may have had.

The case of Hackensack Water Co. v. De Kay, 36 N. J. Eq. 548, upon which the respondents in this case rely has no applicability. The officers and directors of that company had issued bonds contrary to the provisions of the charter of the company. The bonds were negotiable. The court sustained the validity of such bonds, but that is not a case where the mortgagor had no title, but is a case where the mortgagor had good title to the property attempted to be mortgaged, and did mortgage the property for corporate purposes, and only failed to comply with the charter provisions.

Section 71 of the New Mexico Corporation Act (Code 1915, § 955) is precisely similar to section 64 of the New Jersey statute. It has been passed upon by the Circuit Court of Appeals for the Eighth Circuit. The Socorro Electric Company was insolvent. It effected a compromise with most of its creditors, but it could not effect a compromise with the Central Electric Company, who recovered a judgment against it. In the meantime, the Socorro Electric Company had executed a mortgage or deed of trust to secure the payment of bonds. The bonds were purchased for a valuable consideration, the interest not being paid, the mortgage was foreclosed and the property was bought in by the bondholders, who paid the purchase price with bonds. The Circuit Court of Appeals held the deed of trust absolutely null and void as against the Central Electric Company and directed that it be set aside. Central Electric Co. v. Socorro Electric Co., 209 F. 534, 126 C. C. A. 356.

[3] The receiver of the Interstate Tanning Company and counsel by their appointment can secure no right as against the property of the Mason-Curran Company. They may look to the complainant in the suit in which they were appointed for their compensation. Whatever rights the bondholders of the Interstate Tanning Company have are against Mason-Curran Company, and only to the extent that they may be subrogated to the rights of creditors of the Mason-Curran Company. They may file their claims as they may be advised with the receiver of the Mason-Curran Company.

The decree will be signed as presented in accordance with the terms of this opinion.